**NISAR LAW GROUP, P.C.**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

**Casey J. Wolnowski,** *Senior Managing Counsel*
Email: cwolnowski@nisarlaw.com
Phone: (646) 889-1007
Fax: (516) 604-0157

October 22, 2024

<u>*Via ECF*</u>
Hon. Victoria Reznik, U.S.M.J.
U.S. District Cout, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

  Re: *Rivera v. Pratt (Quality Carton), LLC*
    **Case Number: 7:23-cv-08018**

*Letter Seeking Leave to Recall Two Witnesses for Follow-up Depositions*

Your Honor,

  My firm represents Plaintiff in the above-referenced matter. I am writing seeking leave to recall two witnesses—to wit, Amanda Fowler ("Fowler") and Dan Baratta ("Baratta")—for follow-up depositions. Counsel for Defendant consents to this request, with certain parameters as will be outlined below.

  By way of background, on 1/19/2024, Plaintiff interposed his first set of document demands, included therein, was Document Demand #19, which read:

> 19. Any and all documents any employee of Defendant created, sent or received (including but not limited to emails and/ or text messages) regarding Plaintiff being absent from work including but not limited to, due to taking FMLA leave.

  On 3/11/2024, Defendant responded by serving responses as well as providing responsive documents. Discovery thereafter proceeded and the depositions of two fact witnesses were taken—Baratta (a person who holds the position of General Manager) on 9/12/2024, and Fowler (a person who holds the position of Divisional HR Manager) on 10/8/2024. Notably, Baratta was Plaintiff's supervisor and Fowler engaged in various communications with Baratta as to Plaintiff's purported work deficiencies and the decision to ultimately terminate Plaintiff's employment.

  Following the deposition of Fowler, on 10/8/2024, Plaintiff interposed a post-deposition document request upon Defendant. In response, on 10/16/2024, Defendant produced certain email correspondences between, inter alia, Baratta and Fowler, many of which were responsive to Document Demand #19 and should have been produced prior to the respective depositions of

those two individuals.[1]

In light of this, Plaintiff's counsel—the undersigned, Mr. Wolnowski—reached out to Defendant's counsel of record—Ms. Zucco—to address this. On a meet-and-confer telephone call on 10/17/2024, the issue was addressed and Ms. Zucco consented to producing both Baratta and Fowler for follow-up depositions but under the parameter that their depositions are limited to the contents of the documents supplied on 10/16/2024 and any information logically flowing from the contents of those documents. Plaintiff is fine with this parameter.

As such, Plaintiff seeks leave of court to recall both individuals for follow-up depositions, and further, to be permitted to conduct those follow-up depositions after the deadline of 10/18/2024 to complete all discovery.

Plaintiff's counsel certifies that (i) the meet-and-confer process occurred on Thursday, 10/17/2024, via a telephone call between Mr. Wolnowski and Ms. Zucco, which lasted approximately 12 minutes, (ii) the moving party informed the adversary during the telephonic conference that he would be requesting a conference with the Court.

Plaintiff and counsel thank the Court for its attention to this matter.

Respectfully submitted,

_____
Casey Wolnowski, Esq.
*Attorney for Plaintiff*

cc:   Defendant's attorneys of record (*via ECF*)

Plaintiff's request to recall the two individuals named in this letter for follow-up depositions is **GRANTED**, provided the depositions take place before the parties' CMC with Judge Román on November 21, 2024.

The parties are directed to submit a joint status letter no later than **November 15, 2024**, updating the Court on the status of these depositions, as well as confirming that discovery is complete.

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.

Dated: 10-23-24

---

[1] Some of the documents produced were duplicates of documents previously supplied, however, some material emails were not. Further, the 10/16/2024 batch provided greater context to documents previously supplied (i.e., full email chains were produced that contained a number of the emails which had been previously produced only individually).