UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Robin Rivera,

                        Plaintiff,

        -against-

Pratt (Quality Carton), LLC.,

                        Defendant.
------------------------------------------------------------------X

**OPINION & ORDER**

23-cv-8018

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/7/2024

**VICTORIA REZNIK, United States Magistrate Judge**:

      On November 6, 2024, Defendant filed a letter motion in response to this Court's order directing Defendant to confirm that the parties have agreed on dates to conduct depositions prior to their Case Management Conference (ECF No. 63), and separately requested leave to file that letter under seal. (ECF No. 64).

      To overcome the presumption of public access afforded to filed documents, the Court must make specific, on the record findings that sealing is (1) necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts "regularly seal" medical information despite a presumption of the right to public access because an individual's privacy interest in their own medical information is a "compelling countervailing interest." *Robinson v. De Niro*, No. 19CV9156LJLKHP, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022) (citing *Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020)).

Here, Plaintiff argues that they should be permitted to file their letter concerning the deposition under seal because it "contains references to medical information concerning a non-party deponent." (ECF No. 64). The letter goes on to explain that by sharing this information on the public docket, "Defendant, who is the employer of the non-party deponent, would be violating the non-party deponent's privacy interests," including those protected by HIPPA. (*Id.*). Because this information concerns sensitive medical information of a non-party, the Court finds that it would preserve higher values for Defendant to provisionally file their letter under seal. At that time, the Court will review the submission and determine whether the filing will remain under seal or invite the parties to propose narrowly tailored redactions to the filing.

    **SO ORDERED.**

DATED:    White Plains, New York
               November 7, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge